# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 26, 2007

Charles R. Fulbruge III
Clerk

No. 06-11418
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ALEJANDRO TAMAYO

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CR-313-1

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Alejandro Tamayo appeals the sentence imposed following his guilty plea conviction for conspiracy to possess with the intent to distribute more than 500 grams of methamphetamine.  Tamayo argues that the district court erred in enhancing his sentence by six levels pursuant to U.S.S.G. § 3A1.2(c)(1) based on a finding that he had reasonable cause to believe he was assaulting law enforcement officers during the course of the offense.  Specifically, Tamayo contends that the district court employed an improper analysis, finding that he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

should have known the victims of the assault were law enforcement officers. Tamayo asserts that the facts do not establish he had reasonable cause to believe the victims of the assault were law enforcement officers, stating that he did not look out the window of his house or check the surveillance monitor.

The district court did not clearly err in applying the § 3A1.2(c)(1) enhancement. See United States v. Zuniga-Amezquita, 468 F.3d 886, 888 (5th Cir. 2006). The court found Tamayo's assertions that he did nothing to ascertain the identity of the persons outside his home to be incredible. Although the court stated that Tamayo should have looked outside the window if he did not, the court clearly stated that Tamayo's claims that he failed to look out the window or check the surveillance monitor were incredible. Credibility determinations are within the province of the court. United States v. Sotelo, 97 F.3d 782, 799 (5th Cir. 1996). In addition to these facts, the court also noted that Tamayo was involved in a large drug conspiracy and faced the possibility of arrest, a fact to which Tamayo admitted. The court's reliance on all of these facts provide sufficient basis to conclude that Tamayo had reasonable cause to believe the victims were law enforcement officers.

Accordingly, the judgment of the district court is AFFIRMED.